**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| G.W. and K.W., *individually and on behalf of M.W.*, <br><br> Plaintiffs, <br><br> v. <br><br> RINGWOOD BOARD OF EDUCATION, <br><br> Defendant. | No. 22cv3063 (EP) (JSA) <br><br> **OPINION** |

**PADIN**, **District Judge.**

Plaintiffs, proceeding *pro se*, are the parents of M.W., a fourteen-year-old student with autism. Plaintiffs have filed two actions in this Court challenging Administrative Law Judge ("ALJ") decisions. The first action challenges a decision that Plaintiffs unreasonably withheld their consent for Defendant Ringwood Board of Education ("the Board") to evaluate M.W. (the "Evaluation Action"). And the second, this action, appeals a subsequent ALJ decision finding that the Board properly implemented M.W.'s 2021-2022 Individual Education Plan ("IEP," the "Implementation Action"). The Board moves, pursuant to Fed. R. Civ. P. 12(c), to dismiss Counts Two and Three in this Implementation Action, arguing that they duplicate similar counts in the Evaluation Action. For the reasons below, the Court will **GRANT IN PART** and **DENY IN PART** the motion. The Court will strike portions of Counts Two and Three, but will decline to dismiss the counts entirely (D.E. 1).[1]

---

[1] The Court decides the motion without oral argument pursuant to Local Civil Rule 78.1.

I.   **BACKGROUND**

   A.   **The parties**

M.W. is a fourteen-year-old student with autism who is eligible for special education and related services under the classification Other Health Impairment. D.E. 1, "Compl." ¶ 9-10. Plaintiffs are M.W.'s parents. *Id.* ¶ 11. The Board is the local educational agency responsible for providing a free appropriate public education. *Id.* ¶ 12.

   B.   **The Evaluation Action**

Plaintiff's first action is 21cv20657, which challenges an ALJ's September 24, 2021 decision that Plaintiffs unreasonably withheld, since 2016, their consent for Defendant Ringwood Board of Education ("the Board") to evaluate M.W. (the "Evaluation Action").

The Evaluation Action alleges numerous counts including, as relevant here, an appeal of the ALJ's decision (the "Evaluation Decision") and allegations that the Board violated Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") and the Americans with Disabilities Act of 1990 ("ADA"). D.E. 11. The Defendants in the Evaluation Action are the Board, the New Jersey Department of Education ("DOE"), DOE Commissioner Angelica Allen-McMillan, and the New Jersey Office of Administrative Law ("OAL").

   C.   **The Implementation Action (this action)**

And the second is this matter, which is asserted only against the Board. The Complaint asserts three counts: (1) an appeal of an ALJ's February 24, 2022 decision rejecting Plaintiffs' petition that the Board failed to properly implement M.W.'s 2021-2022 IEP; (2) a Rehab Act violation; and (3) an ADA violation. *See generally* Compl.

The Board—the only Defendant in this action—moves, pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings as to the Complaint's Counts 2 and 3. Specifically, the Board argues that Counts 2 and 3 should be dismissed as duplicative of similar counts in the Evaluation Action.

Plaintiffs opposed and cross-moved to consolidate the two actions. D.E. 16. Judge Allen denied the cross-motion, finding, as relevant here, that Plaintiffs' two actions "do not share common questions of fact," "do not arise under common questions of law," and require distinct legal analysis. D.E. 29 at 5. Judge Allen also noted that the two actions' timelines do not overlap. *Id.*

The Board replied.[2] D.E. 17. The reply argues in favor of an alternative remedy if dismissal is not granted: striking the portions of the Complaint here which "repeat and reallege the allegations" of the Evaluation Action's complaint and "incorporate them by reference." *Id.* (citing Compl. ¶¶ 56, 63). The reply also argues, for the first time, that any claims for relief based on the Evaluation Action are time-barred because they were not filed within 90 days of the final OAL order on September 24, 2021. Reply 3.

## II.  ANALYSIS

### A. The claims will not be dismissed because they are distinct from the Evaluation Action's similar claims

Plaintiffs may not file duplicative complaints to expand their legal rights. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000). As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to

---

[2] Plaintiffs also filed a sur-reply in support of their cross-motion to consolidate, which is irrelevant to this Opinion. D.E. 21.

avoid duplicative litigation."); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc).

The Board argues that Counts Two and Three in this action, which allege Rehab Act and ADA violations stemming from the Board's IEP implementation (and a 2022 ALJ decision upholding it), duplicate Counts Eleven and Twelve of the Evaluation Action, which also allege Rehab Act and ADA violations. The Board's positions on this issue have been inconsistent. The Board argues, on one hand, that the claims in this action duplicate the Evaluation Action's earlier claims. Mot. 7-8. But the Board also argued, in opposing Plaintiffs' cross-motion to consolidate the two matters as related, that the two claims are distinct. *See* Reply 4-5 (arguing that the Board's alleged conduct in the Evaluation Action is "irrelevant to the claims for relief" in this action).

Judge Allen denied Plaintiffs' cross-motion to consolidate the cases, finding them distinct. And this Court agrees: the Evaluation Action's claims stem from Ringwood's earlier efforts to evaluate M.W. since 2016 (and a 2021 decision requiring an evaluation), while this action relates to a later IEP implementation. Indeed, the Board implicitly conceded as much when it opposed Plaintiffs' motion to consolidate the two actions, arguing that the facts are distinct. Plaintiffs fail to explain how the Board's alleged conduct underlying the Evaluation Action impacts or relates to any of Plaintiffs' claims for relief in this action, further distinguishing the claims.

And because the claims are distinct, they cannot be dismissed entirely as duplicative. Accordingly, the Court turns to the Board's alternative proposal: striking the portions of the Complaint here which "repeat and reallege the allegations" of the Evaluation Action's complaint and "incorporate them by reference." Compl. ¶¶ 56, 63.

### B. The portions of the Complaint incorporating the Evaluation Action's complaint are stricken as immaterial

The Court interprets this as a request under Fed. R. Civ. P. 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" *sua sponte* or upon pre-answer motion. The purpose of a motion to strike "is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). Where separate counts contain the same allegations, courts will strike the allegations as redundant. *See OKC Corp. v. Williams*, 461 F. Supp. 540 (N.D. Tex. 1978) *aff'd*, 614 F.2d 58 (5th Cir. 1980); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499 (D. Del. 1977).

Because of the "drastic nature of the remedy," motions to strike are "usually viewed with disfavor" and "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id.* at 609; *Corradetti v. Sanitary Landfill, Inc.*, 912 F. Supp. 2d 156, 164 (D.N.J. 2012). Where the allegations are redundant, and some prejudice to the moving party can be demonstrated, duplicative allegations may be stricken. *Blocker v. Cmty. Educ. Ctrs.*, No. 13-5127, 2014 U.S. Dist. LEXIS 47529, at *27-28 (E.D. Pa. Apr. 7, 2014) (striking allegations that "have no possible relation" to the retaliation claim); *Tradewinds, Inc. v. Citibank*, No. 7-1980, 1980 U.S. Dist. LEXIS 17271, at *7-8 (D.V.I. Dec. 30, 1980) (striking allegations as redundant).

Here, as Judge Allen found, the Evaluation Action's claims are distinct in both time and substance from the claims here. Accordingly, any reference to, or reliance upon, the evaluation's Action's claims has the potential to confuse the issues by connecting the two matters. The Court

therefore finds it appropriate to strike paragraphs 56 and 63.[3]  The Court finds no prejudice to Plaintiffs, who will be able to pursue each action separately.

### III.   CONCLUSION

For the reasons above, the Board's motion to dismiss (D.E. 10) is **GRANTED SOLELY TO THE EXTENT THAT** paragraphs 56 and 63 of the Complaint (D.E. 1) are **STRICKEN**.  All other relief sought in the motion is **DENIED**.

Dated**:** February 10, 2023

_Evelyn Padin_
Evelyn Padin, U.S.D.J.

---

[3] Based on this holding, the Board's argument that claims in this action relating to the Evaluation Action are time-barred is moot.